**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **WANDA GRIFFIN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | **7:05-cv-71 (HL)** |
| **FAMILY DOLLAR STORES OF** | : | |
| **GEORGIA, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## <u>ORDER</u>

Plaintiff has filed a Notice of Voluntary Dismissal in which Plaintiff "authorizes and directs the Clerk of Court to mark the above-styled case 'Dismissed with Prejudice' upon the docket and records of the Court." (Pl.'s Notice of Dismissal). Because Plaintiff does not have the authority to voluntarily dismiss the pending action at this time, Plaintiff's Notice of Dismissal does not effect the status of this case.

Federal Rule of Civil Procedure 41(a) governs the voluntary dismissal of civil actions. According to Rule 41(a)(1), "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." Fed. R. Civ. P. 41(a)(1). Therefore, "[o]nce the defendant has filed a summary judgment motion or answer, the plaintiff may dismiss the action only by stipulation, Rule 41(a)(1)(ii), or by order

of the court, 'upon such terms and conditions as the court deems proper' Rule 41(a)(2)."

Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 394, 110 S.Ct. 2447, 2455 (1990) (quoting

Fed. R. Civ. P. 41(a)(2)).

     Here, Defendant not only filed its Answer on October 24, 2005, but also filed a

Motion for Summary Judgment on June 7, 2006. Accordingly, Plaintiff may only dismiss this

action by filing a stipulation signed by all parties to the action or by order of the Court.


     **SO ORDERED**, this the 14th day of July, 2006.


     /s/ Hugh Lawson
     **HUGH LAWSON, Judge**

scs

2